IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFERY M. TREVINO,

    Plaintiff,

v.

ANDREW R. WHEELER, ADMINISTRATOR,
U.S. ENVIRONMENTAL PROTECTION
AGECNCY,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, together with 42 U.S.C., sections 2000e-5 and 2000e-16. Specifically, this is a complaint stating a cause of action under Title VII of the Civil Rights Act of 1964, as amended, alleging discriminatory treatment of the Plaintiff in his employment with the Defendant on the basis of his race, color, national origin (Mexican American) and as retaliation for his participation in EEO activities and/or his opposition to discriminatory practices.

### VENUE

2. The venue of this Court to entertain this cause of action is appropriate by virtue of 42 U.S.C. section 2000e-5(f) insofar as all of the events central to the action occurred within this judicial district.

### THE PARTIES

3. The Plaintiff, Jeffery M. Trevino, has been employed by Region 5 of the EPA since August of 1990. At the time central to this case, he worked as an Attorney

Advisor, GS-14 grade level. He is Hispanic, of Mexican national origin, and of color. He graduated from the University of Michigan Law School in 1987 and began his legal career as an attorney with the Mexican-American Legal Defense Fund in Chicago.

4. The United States Environmental Protection Agency (hereinafter "the EPA") is an administrative agency of the United States Government with its principal offices in Washington, D.C. Andrew R. Wheeler is the Administrator of the EPA and is named in his capacity as head of that agency.

## ADMINISTRATIVE PROCEEDINGS

5. In 2008 and 2009 the Plaintiff led the activity to organize the Office of Regional Counsel (ORC), EPA Region 5 with the American Federation of Government Employees (AFGE), Council No. 238, Local No. 704. On June 30, 2009, ORC voted to join AFGE and the Plaintiff became an AFGE member and steward. As an AFGE steward, the Plaintiff has represented countless Region 5 employees in connection with both grievances involving allegations of employment discrimination and EEOC cases against the Defendant agency.

6. On October 25, 2016, AFGE filed against the EPA on the Plaintiff's behalf a grievance alleging that on or about September 26, 2016, the EPA failed to recommend and select the Plaintiff for the position of GS-15 Senior Counsel for Water Enforcement and Counseling due to his race, color, national origin, and union activity in violation of the Collective Bargaining Agreement (CBA) and Title II of the Civil Rights Act of 1964. The CBA authorized the presentation of discrimination claims through the grievance procedure. The CBA likewise provided for arbitration. Both parties agreed to the selection of an arbitrator, Ira Epstein, and, on July 12, 13 and 25, 2017 the parties participated in arbitration hearings before him.

7. On November 27, 2017, Arbitrator Epstein issued his written decision finding that the Plaintiff had been subjected to unlawful discrimination on the basis of his national origin. The award included the Plaintiff's placement into the GS-15 position, back pay and all other benefits he may have lost due to the discriminatory conduct of his managers.

8. The EPA submitted to the Federal Labor Relations Authority (FLRA) "exceptions" to Epstein's decision and, on December 21, 2018, the FLRA issued a decision reversing Epstein's award. The FLRA determined that the Plaintiff had failed to establish discrimination at hearing.

9. Pursuant to 29 C.F.R. §1614.401(d), the Plaintiff appealed the FLRA's decision relative to his discrimination charges to the EEOC's appellate branch, the Office of Federal Operations (OFO). On August 11, 2020, the OFO issued its decision upholding the FLRA's determination concerning them. The OFO's decision included notice of the Plaintiff's right to commence a civil action in federal court concerning his discrimination charges within ninety (90) days of his receipt of it. This complaint and jury demand is timely filed within that period. Further, the Plaintiff has exhausted his administrative remedies concerning his discrimination charges raised herein.

## THE CONTROVERSY

10. For his cause of action against Andrew R. Wheeler, in his capacity as Administrator of the EPA, the Plaintiff states as follows:

11. At the time of his non-selection to the Non-Supervisory GS-15 Senior Counsel for Water Enforcement and Counseling position the Plaintiff had worked for the EPA for over twenty-six years. He was recognized nationally as an expert in the Clean Water Act, the Toxic Substances Control Act and other statutes bearing on water

pollution. He had enforced and resolved hundreds of administrative actions, including five full administrative hearings under five separate environmental statutes all with favorable rulings. He had worked with the Solicitor General of the United States relative to litigation brought on behalf of the federal government. Further, he was the region's Clean Water Act of the U.S. Contact to the Regional and National water programs. His performance evaluations had consistently been at the "outstanding" or "exceeds expectations" levels.

12. The position was announced on June 9, 2016. The Plaintiff applied for it. On or about September 26, 2016 he learned that he was not selected for it. Instead, those managers responsible for the selection chose a Caucasian female whose qualifications for the position were far inferior to the Plaintiff's. Those responsible for the selection were aware of the Plaintiff's race, color and national origin. Further, they were aware that the Plaintiff, as a union steward, had engaged in protected activity for reprisal purposes insofar as he previously had represented employees concerning grievances which included allegations of employment discrimination against EPA managers. They likewise were aware that he was far more qualified for the position than the Caucasian female whom they ultimately selected. It wasn't even close. The Plaintiff's non-selection for the promotion represented discrimination on the bases identified above.

## CAUSES OF ACTION
### COUNT I

13. The Plaintiff incorporates by reference the averments of paragraphs one through twelve as though fully set forth at length herein.

14. The Defendant has unlawfully discriminated against the Plaintiff on the basis of retaliation for his prior EEO activity (including his assistance to others relative to

the prosecution of their discrimination charges) and/or opposition to discriminatory conduct on the part of EPA managers in violation of Title VII of the Civil Rights Act of 1964.

15. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## COUNT II

16. The Plaintiff incorporates by reference the averments of paragraphs one through twelve as though fully set forth at length herein.

17. The Defendant has unlawfully discriminated against the Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964.

18. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## COUNT III

19. The Plaintiff incorporates by reference the averments of paragraphs one through twelve as though fully set forth at length herein.

20. The Defendant has unlawfully discriminated against the Plaintiff on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964.

21. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## COUNT IV

22. The Plaintiff incorporates by reference the averments of paragraphs one

through twelve as though fully set forth at length herein.

23. The Defendant, EPA, has unlawfully discriminated against the Plaintiff on the basis of his color origin in violation of Title VII of the Civil Rights Act of 1964.

24. As a direct and proximate result of such discrimination, the Plaintiff has and continues to suffer damages, including, without limitation, economic damage and pain and suffering of mind and body.

## DEMAND FOR RELIEF

25. The Plaintiff respectfully demands the following relief from the Defendant, Andrew R. Wheeler, in his capacity as the Administrator of the EPA:

   a. Enter a declaratory judgment determining that the Plaintiff suffered discrimination as alleged in Counts I, II, III and IV;

   b. Award to the Plaintiff retroactive promotion to the GS-15 position central to this case, including all benefits attendant with such retroactive promotion;

   c. Award compensatory damages, including back pay, to the Plaintiff;

   d. Assess against the Defendant the costs and expenses incurred by the Plaintiff in maintaining this proceeding, together with reasonable attorney's fees incurred by him in prosecuting it; and

   e. Any and all relief to which the Plaintiff may be entitled.

## JURY DEMAND

The Plaintiff demands trial by jury on all issues raised herein.

JEFFERY M. TREVINO

By his Attorney,

/s/Waite P. Stuhl
Waite P. Stuhl
6342 Waterman Avenue
St. Louis, MO 63130
314-974-4163
email: wstuhl@sbcglobal.net